IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CALEY GIUSEPPE VOLANTE,

        Plaintiff,

vs.                                                               No. CIV 23-0785 JB/JFR

FNU LNU; BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER;
TERRY GRANT, Captain at Metropolitan
Detention Center; ABRAHAM GIARDO,
Lieutenant at Metropolitan Detention Center;
FNU SALNEZE, Sergeant at Metropolitan
Detention Center; FNU BARELA, Transport
Sergeant at Metropolitan Detention Center;
STEVEN SCHMIDT, Sergeant at
Metropolitan Detention Center; FNU
BERNELLI, Correction Officer at
Metropolitan Detention Center; FNU
WOODARD, Captain at Metropolitan
Detention Center; FNU GREATHOUSE, CT
at Metropolitan Detention Center; FNU
PERCELL, Sergeant of Transport at
Metropolitan Detention Center; FNU LNU,
Warden of Metropolitan Detention Center;
FNU MAJORS, Works at Metropolitan
Detention Center; SONNY AGERLAIS,
Works at Metropolitan Detention Center;
CRYSTAL GALLEGOS, Works at
Metropolitan Detention Center;
BERNALILLO COUNTY BOARD OF
COUNTY COMMISSIONERS; COUNTY
OF BERNALILLO; CITY OF
ALBUQUERQUE; ALBUQUERQUE CITY
COUNCIL; NEW MEXICO DEPARTMENT
OF CORRECTIONS; TIM KELLER, Mayor
of Albuquerque; SECRETARY OF NEW
MEXICO DEPARTMENT OF
CORRECTIONS; STATE OF NEW
MEXICO; NEW MEXICO HOUSE; NEW
MEXICO SENATE; MICHELLE LUJAN
GRISHAM, Governor of New Mexico; FNU
ARAGON, Captain at Metropolitan Detention

Center; RAUL TORRES, Attorney General of
New Mexico; BERNALILLO COUNTY
CLERK'S OFFICE and BERNALILLO
COUNTY CLERK,

           Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his civil rights case.  Plaintiff Caley Giuseppe Volante commenced this case on September 13, 2023, by filing a letter regarding a civil rights lawsuit.  See Letter Regarding Civil Rights Claims (envelope dated September 6, 2023), filed September 13, 2023 (Doc. 1)("Letter Pleading").  In an Order to Cure Deficiencies, filed February 14, 2024 (Doc. 9)("Cure Order"), the Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Plaintiff Caley Giuseppe Volante to submit a civil rights complaint and address the filing fee within thirty days.  See Cure Order at 1.  Volante has not responded to the Cure Order and the deadline has now passed.  Having reviewed the applicable law and the record, the Court dismisses this case without prejudice.

## BACKGROUND

Volante commenced this case on September 13, 2023, by filing the Letter Pleading.  See Letter Pleading at 1.  Volante then filed a letter motion requesting "the use of a computer and the internet."  Motion to Request the Court, filed November 22, 2023 (Doc. 5)("Motion").  Volante filed an appendix to the Letter Pleading on January 19, 2024.  See Appendix to Letter Pleading, filed January 19, 2024 (Doc. 7).  The Court referred the matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed September 14, 2023 (Doc. 2).

Magistrate Judge Robbenhaar entered the Order to Cure Deficiencies on February 14, 2024, setting a thirty-day deadline by which Volante was required to file a proper civil rights complaint and prepay the civil filing fee or submit an application to proceed in forma pauperis. See Cure Order at 1. Volante has not complied with or otherwise responded to the Cure Order, and the deadline within which he was required comply or respond expired on March 16, 2024. The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district

court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy[, the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Volante has not filed a proper civil rights complaint or address the filing fee. Accordingly, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the Court concludes that the dismissal will be without prejudice. The Court also will deny Volante's Motion, which is now moot.

**IT IS ORDERED** that: (i) the Letter Regarding Civil Rights Claims (envelope dated September 6, 2023), filed September 13, 2023 (Doc. 1), is dismissed without prejudice; (ii) the Motion to Request the Court, filed November 22, 2023 (Doc. 5), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Caley Giuseppe Volante
Albuquerque, New Mexico

    *Plaintiff pro se*